UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL R. GALARDY and <br> TAMMY M. GALARDY, <br><br>             Plaintiffs, <br><br> v. <br><br> UNITED AGRI PRODUCTS, INC. and <br> UAP RICHTER, a division of United <br> Agri Products, Inc., <br><br>             Defendants. | ) <br> ) <br> ) <br> )     06-2049 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

      The plaintiffs, Michael R. Galardy and Tammy M. Galardy ("the Galardys"), filed this lawsuit in state court in March 2005. The original complaint also named Archer Daniels Midland Company ("ADM") as a defendant. ADM, a citizen of Illinois, was dismissed from the suit in March 2006. Since the remaining parties are citizens of different states, and (according to the remaining defendants) the amount in controversy exceeds $75,000, the case was removed to this court. 28 U.S.C. § 1332; 28 U.S.C. § 1446.

      The Galardys have filed a motion to remand, claiming the defendants have not established that their principal place of business is in Colorado,[1] nor have they shown the amount in controversy exceeds the jurisdictional threshold of $75,000.

      The defendants removed this action at the last possible moment. A case involving diversity of citizenship may be removed to this court even if diversity was lacking when the suit commenced. If the non-diverse defendant is dismissed, the diverse defendants may remove the action to federal court within thirty days after dismissal. However, in such circumstances, the removal must be effected within one year of commencement of the suit in state court. In this case, the diverse defendants just barely made the one-year limitation. *See* 28 U.S.C. § 1446(b).

      The complaint alleges four counts against the remaining defendants: one by each plaintiff against each defendant; each count seeks an amount in excess of $50,000. Michael Galardy was injured while on the job. Tammy Gallardy asserts claims for loss of consortium. The defendants

---

[1] Certainly the defendants know this information; the Galardys do not provide documentation to the contrary. The plaintiffs can verify this information through a simple internet search instead of arguing disingenuously for documentation.

have sought the plaintiffs' admission or denial that they seek at least $75,000 in damages, and the Galardys have refused to admit or deny as much.

"Removal is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum[.]" *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) (*citing The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir.1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993)). Michael Galardy's claims arose from an injury he suffered while employed by Illinois Power. He alleges he suffered serious and permanent injuries to his eyes, skin and liver, and that he incurred and continues to incur medical expenses for treatment of his injuries, and has suffered and continues to suffer pain, emotional injury, loss of earnings, impairment of earning capacity, disability and loss of a normal life.

If Gallardy proves the injuries he alleges, the defendants' estimate of the stakes is plausible. The estimate is sufficient to establish jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the motion to remand [#4] is denied. Since this case has proceeded in state court for more than a year, the parties should be well on the way toward concluding discovery. The parties shall file, within five days of the date of this order, a proposed discovery plan. A Rule 16 scheduling conference will be scheduled by separate written order.

Entered this 6th day of April, 2006.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE